UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Juan Orlando Romero,

                    Plaintiff,

-against-

Commissioner of Social Security,

                    Defendant.

1:20-cv-10918 (SDA)

**OPINION AND ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

Plaintiff brought this action, seeking judicial review of a final decision of the Commissioner denying Plaintiff Supplemental Security Income under the Social Security Act. The parties thereafter stipulated that this action be remanded to the Commissioner for further administrative proceedings. Judgment was entered on August 31, 2022. Before the Court is Plaintiff's unopposed motion for attorneys' fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Pl.'s Mot., ECF No. 36.) For the following reasons, Plaintiff's motion is granted.

In relevant part, the EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). "This provision, by its terms, applies to suits . . . to review denials of Social Security benefits." *Camilo v. Colvin*, No. 11-CV-01345 (DAB) (MHD), 2015 WL 3385734, at *2 (S.D.N.Y. May 26, 2015) (citing *Vincent v. Commissioner of Social Security*, 651 F.3d 299, 302-03 (2d Cir. 2011)).

"Whether or not the position of the United States was substantially justified shall be determined on the basis of the record . . . which is made in the civil action for which fees and other expenses are sought." 28 U.S.C. § 2412(d)(1)(B). "The Government bears the burden of showing that its position was 'substantially justified,' and to meet that burden, it must make a 'strong showing' that its action was 'justified to a degree that could satisfy a reasonable person.'" *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007) (citations omitted).

Plaintiff here is entitled to its attorneys' fees and costs, as the Government has not submitted any opposition to Plaintiff's motion or sought to establish substantial justification. *See, e.g., Camilo*, 2015 WL 3385734, at *2 (granting unopposed motion for EAJA attorneys' fees).

Under the EAJA, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). Courts adjust the hourly cap of $125, imposed in March 1996, to the dollar equivalent at the time of the award. *See Camilo*, 2015 WL 3385734, at *3. Most of the work in this action was done by Plaintiff's counsel in June 2022 (*see* Timesheets, ECF No. 36-1, at PDF pp. 4-5), when the Consumer Price Index ("CPI") for the Northeast Urban Region was calculated to be $306.453. *See* CPI Historical Tables for Northeast, December 2020, accessed at https://www.bls.gov/regions/midatlantic/data/consumerpriceindexhistorical_northeast_table.htm (last accessed Dec. 11, 2022). "District courts . . . determin[e] the cost-of-living adjustment by multiplying the basic EAJA rate by the current consumer price index for urban consumers (CPI-U), and then dividing the product by the CPI-U in the month that the cap was imposed (October 1981 for pre-amendment cases, March 1996 for post-amendment cases)." *Sorenson v. Mink*, 239

F.3d 1140, 1148 (9th Cir. 2001). As the Consumer Price Index for the Northeast Urban Region was $162.80 in March 1996,[1] the applicable adjusted hourly rate is $235.00 per hour in this matter, which is the hourly rate sought by Plaintiff's counsel for the attorney time in this action. (*See* Berger Aff., ECF No. 37, ¶ 8.)

Plaintiff's counsel submitted contemporaneous documentation of the time spent on this case – 43.7 hours in total (43.1 hours of attorney time at $235 per hour and 0.6 hour of paralegal time at $100 per hour). (*See* Timesheets at PDF p. 6.) Defendant has not objected to these amounts, and the Court finds them to be reasonable. *See Santos v. Astrue*, 752 F. Supp. 2d 412, 417 (S.D.N.Y. 2010) ("The Court recognizes that many Social Security disability cases may require approximately twenty to forty attorney hours of work."). Thus, Plaintiff is entitled to recover $10,188.50 in attorneys' fees under the EAJA.

Plaintiff's counsel also submitted a copy of a retainer agreement signed by Plaintiff, as well as an affidavit from Plaintiff, authorizing payment of EAJA fees directly to Plaintiff's counsel. (Retainer Agmt., ECF No. 36-2, ¶ 3; Pl.'s Aff., ECF No. 37-1 ¶ 3.) "There is no suggestion that plaintiff has any outstanding debt to the United States, and under these circumstances the Government has followed a policy of honoring such requests for direct awards." *Camilo*, 2015 WL 3385734, at *2 (citing *Astrue v. Ratliff*, 560 U.S. 586 (2010)).

For these reasons, Plaintiff's motion is GRANTED. It is hereby ORDERED that the Clerk of Court enter judgment ordering that Defendant shall pay Plaintiff's counsel – Daniel Berger, Esq. – attorneys' fees in the amount of $10,188.50.

---

[1] *See* CPI Report, March 1996, accessed at http://www.bls.gov/news.release/history/cpi_041296.txt (last accessed Dec. 11, 2022).

**SO ORDERED.**

Dated: New York, New York
December 11, 2022

_____
STEWART D. AARON
United States Magistrate Judge